IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PRESTON SCOTT WALLACE,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT CARVER et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DISMISSING COMPLAINT<br><br>Case No. 2:06-CV-780 DS<br><br>District Judge David Sam<br><br>Magistrate Judge Samuel Alba |

Plaintiff, Preston Scott Wallace, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.S. § 1983 (West 2008). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 *id.* 1915. This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan.*

prison to permanently stock footwear in Plaintiff's size, compensatory damages for possible future medical bills, and punitive damages in the amount of $10,000 for each day Plaintiff was without sneakers.

### III. Sufficiency of Plaintiff's Complaint

#### A. Due Process

It is well settled that § 1983 does not create a cause of action for denial of property without due process where an alternative state remedy provides due process. *See Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204 (1984)*. In *Hudson*, the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Id.* Thus, in a § 1983 action for damages resulting from the unauthorized or random deprivation of property without procedural due process, the plaintiff has the burden of pleading and proving that state processes, including state damage remedies, are inadequate to redress the claimed wrong. *See Gillihan v. Shillenger, 872 F.2d 935, 940 (10th Cir. 1989); Vicory v. Walton, 721 F.2d 1062, 1063 (6th Cir. 1983)*. State remedies cannot be deemed inadequate merely because they do not allow the plaintiff to recover the full amount that he might receive in a civil rights action under

4

federal law.  <u>Hudson, 468 U.S. at 535</u>.

The property loss alleged here falls squarely within the reasoning of *Hudson*.  Plaintiff does not assert that his shoes were confiscated "pursuant to an affirmatively established or de facto policy, procedure, or custom," see <u>Gillihan, 872 F.2d at 939</u>, instead, Plaintiff alleges that the loss of his shoes resulted from the random, unauthorized actions of Defendant Scott.  Thus, to state a due process claim based on the facts alleged in the Complaint, Plaintiff must show that state damage remedies were either unavailable to him, or that they were inadequate to redress his loss.

Plaintiff's Complaint does not make the required showing under *Hudson*.  Plaintiff does not allege that he unsuccessfully sought redress for his property loss in the state courts, nor does he allege that state post-deprivation remedies were somehow inadequate or unavailable to him.  Thus, based on the Supreme Court's holding in *Hudson*, the Court concludes that Plaintiff's allegations are insufficient to state a due process claim under <u>42 U.S.C. § 1983</u>.

5

### B. Eighth Amendment

#### i. Legal Standard

The Eighth Amendment's prohibition on cruel and unusual punishment requires that prison officials "provide humane conditions of confinement by ensuring that inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee inmates' safety." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).

An Eighth Amendment conditions-of-confinement claim consists of both an objective and subjective component. The objective component is met only if the condition complained of is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994). The Eighth Amendment does not give rise to a federal cause of action whenever prisoners are inconvenienced or suffer *de minimis* injuries. *Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) *vacated on other grounds sub nom. Denton v. Hernandez*, 112 S. Ct. 1728 (1992). A condition is sufficiently serious if it poses "a substantial risk of serious harm" to the inmate. *Id.* Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir.

2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)).

The subjective component of a conditions-of-confinement claim requires the plaintiff to show that the defendant exhibited "deliberate indifference" to the inmate's health or safety. *Farmer*, 511 U.S. at 832. Deliberate indifference "requires both knowledge and disregard of possible risks, a *mens rea* on a par with criminal recklessness." *Despain v. Uphoff*, 264 F.3d 965, 975 (10th Cir. 2001). The defendant must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

### ii. Objective Component

The deprivation alleged by Plaintiff is not objectively sufficiently serious to state an Eighth Amendment claim. The gravamen of Plaintiff's claim is that he was denied ordinary sneakers for approximately one month, during which time he had only ill-fitting thong sandals to wear. The Court is not aware of any case law holding that such a deprivation is sufficiently serious to state an Eighth Amendment claim. This is not a case where Plaintiff was deprived of special orthopedic footwear prescribed by a physician. Although Plaintiff states that he has a history of ankle and foot injuries he does not allege that he

was ever diagnosed as having a medical condition which required him to wear sneakers or special orthopedic footwear. *See Saunders v. Horn*, 959 F. Supp. 689 (E.D. Pa. 1996) (denial of prescribed orthopedic shoes violated Eighth Amendment).

The nature of Plaintiff's alleged injuries also calls into question the seriousness of the deprivation presented here. Plaintiff alleges that during the time he was without sneakers he was unable to exercise in the recreation yard. Although this undoubtedly limited Plaintiff's ability to exercise to some degree, there is no indication that Plaintiff was deprived of all meaningful exercise or that his health was significantly impacted as a result. Moreover, at least one court has found that limitations on exercise caused by a prison's refusal to provide athletic footwear do not violate the Eighth Amendment. *See Munoz v. Marshall*, No. C-94-1839 MHP, 1994 WL 508633 (N.D. Cal. Sept. 8, 1994). Plaintiff also alleges that he was forced to bathe in an unsanitary shower barefoot or wearing thong sandals that were too small. Despite Plaintiff's assertion that the shower was also used by inmates with HIV and hepatitis there is no evidence that Plaintiff faced a significant risk of contracting these diseases. In fact, Plaintiff does not allege any actual injury from showering without the proper size thongs. Next, Plaintiff alleges that during the time he was without sneakers he stubbed his toe, twisted his ankle and experienced foot pain. Even

8

assuming that these injuries are more than *de minimis*, it is not apparent that they were caused by inadequate footwear, as such injuries are commonplace. Finally, on a similar note, it is difficult to discern a causal connection between Plaintiff's lack of sneakers and the "deep depression" he allegedly experienced.

Thus, the Court concludes that Plaintiff was not placed at "substantial risk of serious harm" by being deprived of sneakers for approximately one month.

### iii. Subjective Component

Even assuming that the deprivation alleged by Plaintiff satisfies the objective test under *Farmer*, Plaintiff's allegations do not support the conclusion that Defendants were deliberately indifferent to his plight. Plaintiff's Complaint and attached exhibits show that Defendants responded to Plaintiff's grievances within a reasonable time and acted by timely ordering shoes for Plaintiff. Although Plaintiff's initial grievance was rejected based on an erroneous determination that it was redundant, which may have caused additional delays, Plaintiff admits that he received the size shoes he requested twenty-six days after filing his initial grievance. While this delay might seem long by civilian standards it does not appear excessive for a large correctional institution with rigid procurement rules and procedures.

Plaintiff's allegations regarding the OMR hearing also fail to demonstrate deliberate indifference. The OMR hearing officer did not ignore Plaintiff's complaints, instead, he explained that the prison did not have shoes that fit Plaintiff and that larger shoes had been ordered. (Compl. at 12.) Plaintiff does not present any facts showing these statement to be untrue, nor does Plaintiff offer any support for his assertion that defendants were just stalling in order to punish or harass Plaintiff. Moreover, given Plaintiff's atypical shoe size, the failure to have shoes in stock for him does not itself appear unreasonable. Finally, regarding Plaintiff's allegations that officers laughed and made inappropriate comments in regard to Plaintiff's complaints, while the Court does not condone such behavior, given the affirmative steps taken to address Plaintiff's concerns the Court does not believe these allegations rise to the level of deliberate indifference.

### iv. Conclusion

Based on the overall "circumstances, nature, and duration" of the deprivation alleged in Plaintiff's Complaint, <u>Despain v. Uphoff</u>, 264 F.3d 965, 974 (10th Cir. 2001), as well as Defendants' reasonable efforts to address the situation in a timely manner, the Court concludes that Plaintiff's allegations are insufficient to state a claim of cruel and unusual punishment under the Eighth Amendment.

**ORDER**

Based on the foregoing analysis, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.  See 28 U.S.C.A. § 1915 (West 2008).

DATED this __29th__ day of August, 2008.

BY THE COURT:

_[signature]_

DAVID SAM
United States District Judge

11